CHIEF JUSTICE TURNAGE
dissenting.
¶57 I respectfully dissent. I would affirm the District Court’s granting of summary judgment to Safeco. I concur with the majority opin *534 ion’s affirming the denial of the summary judgment motion of Patricia Bruthers.
¶58 Vicky Liss, on July 10, 1997, went gunning for Patricia Bruthers. She found Patricia Bruthers in the company of Harry Liss, Vicky’s husband. Vicky had in her possession a loaded .22 caliber handgun and succeeded in shooting Patricia Bruthers, severely injuring her.
¶59 In my opinion, this is a clear case. The injuries to Patricia Bruthers arose out of an illegal act committed by Vicky Liss and not covered under the Safeco policy. Liss was charged with aggravated assault, a felony, and pled guilty pursuant to a plea bargain agreement. Even though her guilty plea was a nolo contendere, she conceded that she would be found guilty if she proceeded to trial.
¶60 The Safeco policy clearly excluded coverage under “E” and provided that:
2. Coverage E - Personal Liability, does not apply to: a. Liability:...
(5) arising out of any illegal act committed by or at the direction of an insured.
¶61 In my opinion, the exclusion is clear and applies in this case. Summary judgment was properly granted to Safeco, and the District Court should be affirmed.